UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2015 ☆

BROOKLYN OFFICE

-------------------------------------------------- x

UNITED STATES OF AMERICA,

    -against-

REDINAL DERVISHAJ, a/k/a "Redi,"
BESNIK LLAKATURA, a/k/a "Besi" and
"Nick," AND DENIS NIKOLLA, a/k/a
"Deni" and "Nache,"

                Defendants.

-------------------------------------------------- x

**MEMORANDUM & ORDER**

13-CR-668 (ENV)

VITALIANO, D.J.

On March 19, 2015, in granting the government's motion to empanel an anonymous and partially-sequestered jury, the Court reserved decision on defendants' companion request that the Court use a jury questionnaire in aid of *voir dire*.[1] (Order, ECF No. 81, at 13-14). The parties were directed to submit draft inquiries for a jury questionnaire, to be followed by a round of submissions setting forth objections or proposed modifications to any questions submitted by another party. (*Id.* at 14). The Court has received draft questions from the defense and the government, along with the

---

[1] The parties' familiarity with that decision is presumed.

1

government's round of objections.[2]  For the reasons set forth below, the Court finds the use of a jury questionnaire is appropriate and will be helpful.  After considering the submissions and the government's objections, the Court adopts the questionnaire in the form set forth in Exhibit A, which is attached to this Memorandum and Order, as the proposed written jury questionnaire for this case.

## Discussion

### I.    A Written Jury Questionnaire is Appropriate

"[P]art of the guarantee of a defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors." *Morgan v. Illinois*, 504 U.S. 719, 729, 112 S. Ct. 2222, 119 L. Ed. 2d 492 (1992). "In conducting *voir dire*, a district court possesses 'ample discretion.'" *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011) (quoting *United States v. Quinones*, 511 F.3d 289, 299 (2d Cir. 2007) (quoting *Rosales-Lopez v. United States*, 451 U.S. 182, 189, 101 S. Ct. 1629, 68 L. Ed. 2d 22 (1981))).  Although a district court is *never* obligated to utilize a written jury questionnaire, the Second Circuit has generally

---

[2] The only defendant to file a draft questionnaire was Redinal Dervishaj.  No objections or modifications to the government's draft questionnaire were filed on behalf of any defendant.

approved of its use "as one of many tools available for *voir dire*." *Id.* (quoting *Quinones*, 511 F.3d at 300 n.8).

It is well established that a jury questionnaire may be an effective aid in *voir dire* in a number of circumstances, such as where a large number of prospective jurors must be screened, or where an anonymous jury is to be empaneled, or where there has been extensive pre-trial publicity, or where the death penalty is sought. *Quinones*, 511 F.3d at 299-300 (compiling cases). If any or all of these circumstances are present, the use of a jury questionnaire, drafted with input from the parties, is appropriate to facilitate the *voir dire* process and help ensure the empanelment of a fair and qualified jury. *United States v. Cacace*, No. CR-08-240-14, 2013 WL 4775531, at *5 (E.D.N.Y. Sept. 6, 2013). Specifically, where an anonymous and partially-sequestered jury has been ordered, the use of a written jury questionnaire can be a reasonable precaution that ultimately minimizes the effect of the anonymous empanelment on the jurors' opinions of the defendants. *United States v. Ashburn*, No. 13-CR-303, 2014 WL 5800280, at *17-18 (E.D.N.Y. Nov. 7, 2014); *see also United States v. Thomas*, 757 F.2d 1359, 1365 (2d Cir. 1985). Questionnaires have also served to "conserve judicial resources by saving a

substantial amount of time relative to a jury selection process in which the entire *voir dire* is conducted orally." *Ashburn*, 2014 WL 5800280, at *17-18.

With these concerns in mind, the Court finds that use of a written jury questionnaire for pre-screening members of the venire is most appropriate in this case. As the Court's March 19, 2015 Memorandum and Order details, an anonymous jury was ordered to be empaneled and there is a general concern about the publicity surrounding this case and the life stories of defendants. (Order, ECF No. 81, at 10-11). Moreover, it is anticipated that there will be a potentially large number of venire members during the jury selection process. Not only will the written questionnaire save time and resources, it will enable the "'parties [to] be apprised of all relevant information concerning each potential juror, despite the fact that the name, address, and place of employment of jurors will not be disclosed.'" *Ashburn*, 2014 WL 5800280, at *18 (quoting *United States v. Wilson*, 493 F. Supp. 2d 402, 401 (E.D.N.Y. 2006)). The Court finds that a written jury questionnaire "will ensure that [d]efendants have a meaningful opportunity to conduct *voir dire* and thus protect [d]efendants' right to an impartial jury." *Id.* (citation omitted).

## II.   The Court's Proposed Version of the Jury Questionnaire

That there should be a written jury questionnaire is only the first tier determination on defendants' application.  The next tier—the statement of questions—raises far more delicate and nuanced issues.  A written jury questionnaire should propound questions that are balanced to aid in the selection of a fair and impartial jury. *Wilson*, 493 F. Supp. 2d at 403. "[Q]uestions may be proper [and] indeed necessary[] if they deal with subject matter that would demonstrate impermissible bias on the part of a juror." *Id.* at 404-05 (citing *United States v. Fell*, 372 F. Supp. 2d 766, 770 (D. Vt. 2005)). Of course, questions may be improper if they are case-specific and "'seek to discover in advance what a prospective juror's decision will be under a certain state of the evidence.'" *Id.* at 405 (quoting *United States v. Johnson*, 366 F. Supp. 2d 822, 845 (N.D. Iowa 2005)).

After reviewing the submissions and the government's objections, the Court proposes as its questionnaire the version appended to this Memorandum and Order as Exhibit A.  By aiding *voir dire* to help "unearth any impermissible bias of which the [d]efendant[s], the [g]overnment and the court need be aware," *id.*, this written questionnaire, the Court finds, will

assist in selection of a jury that will ensure that defendants receive a fair trial before an impartial jury.

## Conclusion

As set forth above, the Court grants defendants' request to order that a written jury questionnaire be used in aid of *voir dire*. The parties shall have until the close of business on June 24, 2015 to file any objections to or requests for modification of the Court's proposed questions and detailing a basis for each.

So Ordered.

Dated:  Brooklyn, New York
        June 14, 2015

s/Eric N. Vitaliano

_____
**ERIC N. VITALIANO**
**United States District Judge**

6

# Exhibit

# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------- x

UNITED STATES OF AMERICA,　　　　:

　　　　　　　　　　　　　　　　　　:

　　　-against-　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　:　　　<u>JURY QUESTIONNAIRE</u>

REDINAL DERVISHAJ, a/k/a "Redi,"　:

BESNIK LLAKATURA, a/k/a "Besi" and :　　　13-CR-668 (ENV)

"Nick," AND DENIS NIKOLLA, a/k/a　:

"Deni" and "Nache,"　　　　　　　　:

　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　Defendants.　:

　　　　　　　　　　　　　　　　　　:

-------------------------------------------------- x

## UNITED STATES DISTRICT JUDGE ERIC VITALIANO

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK

THE ANSWERS TO THE QUESTIONS ON THIS PAGE WILL BE DISCLOSED ONLY TO THE APPROPRIATE COURT PERSONNEL AS DIRECTED BY THE PRESIDING JUDGE

The Questionnaire itself has been stripped of any information that can identify the person answering it.

Please print the following information:

Name: _____

Home Address: _____

_____

_____

Home Phone: _____

Mobile Phone: _____

Job & Department: _____

_____

Business Address: _____

_____

_____

Business Phone (Including Extensions): _____

I hereby certify that the foregoing information, and all of the answers in this questionnaire, are true, correct, and complete to the best of my knowledge.

_____
SIGNATURE

Date: _____

## JUROR QUESTIONNAIRE PRELIMINARY INSTRUCTIONS

Upon your oath or affirmation, you must give true and complete answers to all questions. These questions are not meant to ask unnecessarily about personal matters. Rather, these questions will help the Court determine whether you can be fair and impartial in deciding this case and will also provide information about you as a juror to help the parties select a jury. Part of the selection process depends on your ability and promise to follow the law as it is explained by the Court. Thus, some of the questions include descriptions of legal principles and ask whether you can conscientiously follow them.

All of your responses will remain completely confidential. Do not discuss the questions or answers with anyone, including your fellow jurors. It is extremely important that your answers be your own, individual answers.

This is a criminal prosecution by the United States. The defendants, Redinal Dervishaj, Besnik Llakatura, and Denis Nikolla, are charged in an indictment with criminal offenses. An indictment is simply the means by which the government gives the defendant notice of the charges against him and brings him before the court. The indictment is merely an accusation, and nothing more. It is not evidence and is not to be considered by the jury in arriving at a verdict. In response to the indictment, the defendants pled "not guilty." Each is presumed to be innocent unless and until his guilt has been proven by the government beyond a reasonable doubt. If you are selected as a juror in this case, it will be your duty to determine, based on the evidence presented at the trial, whether the government has proven beyond a reasonable doubt

1

that each defendant is guilty of the crimes charged in the indictment. If the government does not meet its burden of proof, you must find the defendant you are considering not guilty.

In this criminal case, the defendants are charged by way of an indictment with three counts of conspiring to extort night club owners in Queens, three counts of attempting to obtain pecuniary gain by extorting said night club owners, and three counts of using, carrying, or possessing a firearm in furtherance of their conspiracies and attempted extortion. These acts allegedly occurred between approximately April 2012 and November 2013.

This is just a summary of the charges to give you some background on the case. The Court will instruct the jury as to the elements of the crimes charged and the applicable law at a more appropriate time during trial.

Please answer each question by placing a check next to the correct response or by providing the information requested. Please try to write as legibly as possible. THE COURT INSTRUCTS YOU NOT TO DISCUSS THE QUESTIONNAIRE OR YOUR ANSWERS WITH YOUR FELLOW JURORS OR ANYONE ELSE.

Remember, there are no "right" or "wrong" answers; just be completely candid and truthful.

## PART I:  QUESTIONS ABOUT YOUR BACKGROUND
### (Questions 1 through 31)

**Part I asks questions about you and your background, and very general questions about your family.**

1.   Do you have any difficulty reading or understanding English?

❑ Yes        ❑ No

2.   What other languages, if any, do you read or understand?

_____

3.   Do you have any physical problem (for example, sight or hearing difficulties) that would interfere with your ability to serve as a juror?

❑ Yes        ❑ No

If _yes_, please describe: _____

_____

4.   What is your age: _____

5.   Are you:        ❑ Male        ❑ Female

6.   Where were you born? _____

7.   Where were you raised? _____

8.   Where were your parents born? _____

9.   What is your marital status? _____

10. Where do you live?  **(Please do not provide your street address)**

☐ Brooklyn    ☐ Queens    ☐ Staten Island    ☐ Nassau    ☐ Suffolk

City/Town _____    Neighborhood (if any) _____

11. How long have you lived at your current residence? _____

12. What other states, cities or neighborhoods have you lived in during the past 10 years?

_____

13. How far did you go in school?

Elementary School    ☐ Yes ☐ No

High School    ☐ Yes ☐ No   Grade Completed: _____

College    ☐ Yes ☐ No   Years Completed: _____

If yes, what was your area of concentration?

_____

Graduate or Post Graduate   ☐ Yes   ☐ No   Degree Earned: _____

If yes, what was your area of concentration?

_____

If you are currently a student, what are you studying?

_____

14.    Are you: (Check any and all that apply)

Employed full-time?                              ❏

Employed part-time?                              ❏

Employed with more than one job?    ❏

Work at home?                                        ❏

Homemaker?                                            ❏

Unemployed/laid off?                            ❏

Retired?                                                   ❏

Disabled and unable to work?              ❏

Student?                                                   ❏

15.    If you are employed, please answer the following:

(a)    What type of work do you do and what type of business is it? **(Please do not provide the name or address of your employer)**

_____

_____

(b)    How long have you worked at your present job? _____

(c)    Do you supervise others in your job?

❏ Yes          ❏ No

If <u>yes</u>, for how long have you been a supervisor?          _____

5

16. Are you self-employed?

    ❏ Yes        ❏ No

    If yes, what is the nature of your business? **(Please do not say the name or address of your business)**

    _____

17. If retired or unemployed, how long have you been retired or unemployed, and what type of work did you do previously? **(Please do not say the name or address of your former business)**

    _____

    _____

18. If you are married or involved in a long term relationship, please answer the following questions about your spouse/domestic partner:

    (a)    Is your spouse/domestic partner employed?

           ❏ Yes        ❏ No        ❏ N/A

    If yes, what type of work/business?  **(Please do not provide the name or address of the employer)**

    _____

    (b)    If your spouse/domestic partner is retired or not employed, please indicate the type of work he/she did during his/her last period of employment.

    _____

19. If you have children, please fill out the following chart:

| AGE | GENDER | EDUCATION LEVEL | OCCUPATION |
|-----|--------|-----------------|------------|
| ___ | ___ | _____ | _____ |
| ___ | ___ | _____ | _____ |
| ___ | ___ | _____ | _____ |
| ___ | ___ | _____ | _____ |
| ___ | ___ | _____ | _____ |

20. What are your hobbies / interests? What do you like to do in your spare time?

_____

_____

21. What newspapers, books, magazines or websites do you read or visit on a regular basis?

_____

_____

22. List any news or opinion-related television, radio, or internet programs that you watch or listen to regularly and note how often you watch or listen to them.

_____

_____

23.  List any law-enforcement or crime-related television, radio, or internet programs that you watch or listen to regularly and note how often you watch or listen to them.

_____

_____

24.  What recent criminal trials, if any, have you followed on the internet, in the newspapers, or on television?

_____

_____

25.  In the past ten years, what national or local organizations, volunteer groups, or social clubs have you belonged to or supported, including any group that takes a position on any public policy or social issues?

_____

_____

(a)  Have you ever held a position of leadership in any organization or group?

❏ Yes          ❏ No

If yes, please describe the group and your position:

_____

26.  Have you ever sought out positions of leadership at work or with other group activities:

❏ Yes          ❏ No          If yes, how many times? _____

8

27. Other than a relative or friend, please list the person you most admire:

_____

28. Have you, a family member, or close friend ever worked in any aspect of the legal field as a lawyer, legal secretary, paralegal, investigator, law clerk, judge, court employee, etc.?

    ❑ Yes        ❑ No

    (a)    If <u>yes</u>, what is that person's relationship to you, when and where did they work and what was the occupation? **(Please do not provide the person's name)**

    _____

    _____

29. Have you, a family member, or close friend ever worked for, or applied to work for, any police, law enforcement, or prosecutor's office?

    ❑ Yes        ❑ No

    (a)    If <u>yes</u>, what is that person's relationship to you, what was the position, and when and where did they work or apply to work? **(Please do not provide the person's name)**

    _____

    _____

9

30.  Have you ever served in the military, including the reserves, National Guard or ROTC?

    ❏ Yes     ❏ No

    (a)    For what country did you serve in the military?  (please check one)

        ❏    United States
        ❏    Other (please specify country) _____

    (b)    What branch, rank and/or duties did you have?

    _____

    (c)    Year of discharge from military? _____

    (d)    Was an honorable discharge received?

    ❏ Yes     ❏ No

10

31. Have you ever been a juror?

❑ Yes ❑ No

(a) If <u>yes</u>, please complete the chart below:

| Year of Service | State or Federal | Grand Jury or Trial Jury | Criminal or Civil | Was there a verdict (Yes or No only)? |
|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

(b) Is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

❑ Yes ❑ No

If <u>yes</u>, please explain _____

_____

_____

11

## PART II: QUESTIONS ABOUT YOUR EXPERIENCES AND BELIEFS
### (Questions 32 through 44)

**Part II asks questions about experiences you may have had and opinions you may have formed. Again, there are no "right" or "wrong" answers. Please just be as thoughtful and candid as possible.**

32. Do you have any opinions or beliefs concerning law enforcement in general -- including, the NYPD, the FBI, the Department of Justice, or the Department of Homeland Security -- that would affect your ability to evaluate the evidence in this case fairly and impartially?

   ❑ Yes     ❑ No

   If <u>yes</u>, please explain _____

   _____

33. Have you, or has a family member or close friend, ever been a <u>witness</u> to or the <u>victim</u> of a crime?

   ❑ Yes (self)   ❑ Yes (friends/family)     ❑ No

   If <u>yes</u>, please describe the circumstances surrounding the incident(s) and your relationship to the person(s) involved. **(Please do not provide the person's name)**

   _____

   _____

   (a)   Was the crime reported to the police or other law enforcement agency?

   ❑ Yes     ❑ No

   (b)   If <u>yes</u>, did law enforcement personnel respond appropriately?

   ❑ Yes     ❑ No

   If <u>no</u>, please explain _____

34.  Have you, a family member or close friend ever been <u>stopped</u>, <u>questioned</u>, <u>investigated</u>, <u>arrested</u> or <u>prosecuted</u> by any law enforcement officer or agency?

    ❏ Yes (self)   ❏ Yes (friends/family)    ❏ No

If <u>yes</u>, do you believe that you or your family member or friend were fairly treated in connection with such matter?

    ❏ Yes     ❏ No

(a)    If <u>no</u>, please explain your relationship to the person(s) involved and why you believe that you or the person(s) involved were not treated fairly. **(Please do not provide the person's name)**

_____

_____

35.  Have you, a family member or close friend ever been subpoenaed or testified in connection with a court proceeding?

    ❏ Yes (self)   ❏ Yes (friends/family)    ❏ No

If <u>yes</u>, please describe the circumstances. **(Please do not provide the person's name)**

_____

_____

13

36. Do you have, or have you ever had, a close friend or family member in prison?

   ❑ Yes (self)   ❑ Yes (friends/family)      ❑ No

   If <u>yes</u>, please describe the circumstances. **(Please do not provide the person's name)**

   _____

   _____

37. The Judge presiding over this case is the Honorable Eric N. Vitaliano. Do you or does any relative or friend know or have any connection with Judge Vitaliano?

   ❑ Yes        ❑ No

   If <u>yes</u>, please explain. **(Please do not provide the person's name)**

   _____

   _____

38. Do you or does any relative or close friend of yours know or have any connection with any of the following prosecutors and their assistances, or their relatives or friends?

   (a)   Acting United States Attorney Kelly Currie
   (b)   Assistant United States Attorney Nadia Shihata
   (c)   Assistant United States Attorney Kristin Mace
   (d)   Paralegal Sherene Watson

   ❑ Yes        ❑ No

   If <u>yes</u>, please explain _____

   _____

14

39. Do you or does any relative or close friend of yours know or have any connection with any of the following law enforcement officers or their relatives or friends?

    (a) FBI Special Agent Sean Olsewski
    (b) FBI Special Agent Violet Syku
    (c) NYPD Detective Joseph Chimienti

    ❑ Yes     ❑ No

    If yes, please explain _____

    _____

40. Do you or does any relative or close friend of yours know or have any connection with any of the defendants, Redinal Dervishaj, Besnik Llakatura, and Denis Nikolla, or their relatives or friends?

    ❑ Yes     ❑ No

    If yes, please explain _____

    _____

41. Do you or does any relative or close friend know or have any connection with any of the following defense attorneys and their assistants, or their relatives or friends?

    (a) Michael Padden, Esq.
    (b) Florian Miedel, Esq.
    (c) Royce Russell, Esq.

    ❑ Yes     ❑ No

    If yes, please explain _____

    _____

15

42. You may hear testimony from or about the people and places listed on **Attachment A** during the trial. Please turn to **Attachment A** at the end of this packet, and circle the name of any person or place that you know or have any connection with.

Have you read or heard about someone on the list or any of the places mentioned?

❑ Yes ❑ No

If <u>yes</u>, please explain _____

_____

43. Have you ever been a victim of racial, ethnic or religious prejudice or discrimination?

❑ Yes ❑ No

If <u>yes</u>, please explain_____

_____

44. The oath you will take if you are selected as a juror is as follows: "I will fairly and impartially evaluate all the evidence in this case without fear or favor toward either the government or the defendant." Is there any reason why you will be unable to follow this oath?

❑ Yes ❑ No

If <u>yes</u>, please explain_____

16

## PART III: QUESTIONS CONCERNING IMPORTANT LEGAL PRINCIPLES
### (Questions 45 through 47)

**Part III explains some of the fundamental legal principles on which the Court will give instructions during the trial. If you believe you may not be able to follow these principles, you must inform the Court through your answers below.**

45.    Each defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in this case, decides his guilt has been proven beyond a reasonable doubt. The burden of proving guilt rests entirely with the government. The defendants have no burden of proof at all.

Will you accept and apply this rule of law?

❏ Yes      ❏ No

If <u>no</u>, please explain _____

_____

46.    Several witnesses in this case will be law enforcement officers. A law enforcement witness's testimony is not to be given any more or less weight than any other witness's testimony simply because that witness is a law enforcement officer.

Will you accept and apply this rule of law?

❏ Yes      ❏ No

If <u>no</u>, please explain _____

47. The evidence in this case may include audio recordings of conversations and meetings, recorded secretly without the knowledge of the participants in the conversations and meetings. Before such evidence is received at trial, the Court will have ruled that the evidence was lawfully obtained and may be presented at trial.

Do you have any feelings about the use of audio recordings that were secretly but lawfully recorded, that might affect your ability to consider such evidence fairly?

❑ Yes      ❑ No

If <u>yes</u>, please explain _____

_____

## PART IV: QUESTIONS CONCERNING THE MEDIA
### (Questions 48 through 50)

48.  Have you read any articles or seen any news programs regarding this case or any of the parties (i.e., the defendant or the lawyers) or heard about the case from any other source?

❏ Yes      ❏ No

If yes, is there anything about what you have heard that would affect your ability to be a fair and impartial juror in this case?

❏ Yes      ❏ No

If yes, please explain _____

_____

49.  This case may receive media attention. Will you be able to follow the Court's instruction that you are not to watch television, go on the internet, and/or listen to or watch any media coverage regarding this case and that the only information you are permitted to consider is that which is presented in court?

❏ Yes      ❏ No

If no, please explain _____

_____

50.  Will you be able to follow the Court's instruction that you are not to discuss this case with anyone, and are not to use any communication device or medium – such as Facebook, Twitter or blogs – to send or receive information about this case?

❏ Yes      ❏ No

If no, please explain _____

_____

19

**Attachment A**