**Federal Defenders**
**OF NEW YORK, INC.**

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Eastern District
Peter Kirchheimer
*Attorney-in-Charge*

August 31, 2015

By ECF and Hand Delivery
The Honorable Eric N. Vitaliano
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    RE:   U.S.A. v. **REDINEL DERVISHAJ et al.,** **13 CR 668 (ENV)**

Your Honor:

    I write in opposition to the government's August 3, 2015, motion *in limine*. For the reasons set forth herein, the government's application should be denied in its entirety.

    The government seeks to admit uncharged conduct, none of which advances the government's case. From the vantage point of the defense, the government's direct case appears both strong and voluminous and will take weeks to present. The government now also moves to admit uncharged extortions, uncharged gun possessions, Google searches, reputations of Albanian gangsters, and even, at this late date, a marijuana conspiracy.

    While it is tempting to let the government muddy otherwise potentially clear waters of proof, I must formally object, on Mr. Dervishaj's behalf, and join in the objections of co-counsel, respectfully urging the Court to decline the government's invitation to admit this evidence in either its direct case or as FRE 404(b) evidence. First, the proffered evidence fails to withstand scrutiny under FRE 401 and 403. Secondly, under FRE 404(b), the evidence lacks a satisfactory factual predicate, will result in mini-trials, and is overly prejudicial. We also respectfully preserve our right to make any necessary trial objections under FRE 401, *et seq.*, FRE 801, *et seq.*, FRE 901, *et seq.*, or the rule of completeness under FRE 106.

*Introduction*

    The government's proffer, the details of which are too numerous to recount faithfully here, breaks down into three categories: (I) Evidence of Uncharged Purported Acts of Violence/Possession of Firearms; and (II) Evidence of Uncharged Reputation for Violence; and (III) Evidence of Uncharged Marijuana Conspiracy.

    The applicable law is straightforward enough. First, before considering admissibility of

uncharged act evidence, the government must establish relevance and a factual predicate. *Huddleston v. United States*, 48 U.S. 681, 689 (1988) ("similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor" ); *see also* FRE 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist"). Next, on the question of admissibility under FRE 404(b), the Second Circuit requires consideration of whether (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction. *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002) (internal citations omitted) (emphasis added).

**I.  Evidence of Violence and Possession of Firearms**, Government Motion, ECF 100, pp. 10

This category of proffered evidence the government describes as "acts of violence and possession of firearms," and divides that conduct as attributable separately as to each of the three defendants. Government Motion, ECF 100, pp. 10. The evidence the government ascribes to Mr. Dervishaj involves testimony of a John Doe #3 claiming to have seen Mr. Dervishaj at the Filarakia nightclub with a bulge on his side that appeared to be a firearm months prior to the initial extortion demand. *Id.* It also proffers evidence of events surrounding Mr. Dervishaj's 2007 misdemeanor conviction for attempted grand larceny in the 4th degree in Queens, and potentially involves testimony of a CW and a John Doe #4. *Id.*

The government contends that it must be allowed to present evidence of these uncharged crimes as direct of evidence necessary to complete the story of the crime on trial. Government's Motion, ECF 100, at p. 32.

First of all, the narrative of the crime on trial is fairly straightforward – it is a story of extortionate acts against particular victims on particular dates, some with a gun, some without. There is no need to introduce extraneous acts given this linear a narrative. Mr. Dervishaj either was or he wasn't extorting victims on particular dates charged, with or without a firearm. Acceptance of the government's argument that uncharged acts of firearm possession show "access" to firearms threatens to subsume the rule. The only true relevance of showing someone had a firearm on one occasion to prove he had one on another is to show a pattern of gun-toting – better described as propensity, a use clearly prohibited under FRE 404(b). Moreover, the "availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of a given item of extrinsic evidence.'" *See United States v. McCallum,* 584 F.3d 471, 477 (2d Cir. 2009).

Proof of the factual predicate for proving the acts necessitates mini-trials that could further engulf the narrative the government seeks to present. Here, a witness's testimony that he saw what appeared to be a "bulge" during an interaction that is *not* charged as a conspiracy invites unnecessary litigation about the veracity or reasonableness of that claim. As to the 2007 guilty plea to a misdemeanor count of attempted grand larceny, the government fails to note that Mr. Dervishaj was shot in the underlying incident in Queens. While he was initially suspected of more serious offenses, these were not sustained. Consequently, the inference that the government seeks

to draw from the events surrounding the 2007 guilty plea are very much in dispute and will require a substantial factual detour into why those charges were not sustained in Queens.

The text of FRE 403 applies here: "[T]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

**II.  Evidence of Reputation for Violence**, Government Motion, ECF 100, pp. 14 - 16

The government further informs the Court that it intends to introduce evidence at trial of defendants Dervishaj and Nikolla's ties to organized crime and reputation in the community. Government Motion, ECF 100, p. 14.  This consists of

- "ask around" evidence (what Dervishaj and others said about Dervishaj, including references to a stabbing in Staten Island), Government Motion, ECF 100, p. 14-16

- "Google search" evidence (what Google was saying about Dervishaj and the Staten Island stabbing at the relevant time period), *id.*

- "status" evidence (Mr. Dervishaj's brother's "status as Albania's most wanted fugitive", *id.*

- "association" evidence (evidence that Mr. Dervishaj associates with known convicted SDNY organized crime figures.), *id.*

As to the Staten Island stabbing, the proffered evidence lacks a satisfactory showing of relevance.  If the government is offering the evidence because it thinks it is relevant to Mr. Dervishaj's state of mind (e.g. intimidating), that interpretation is inconsistent with the facts.  Mr. Dervishaj was investigated but clearly not charged by a grand jury in the Staten Island stabbing death of Antonio Lacertosa.  The grand jury heard testimony, viewed the videotape, and declined to indict Mr. Dervishaj – even under the lesser standard of proof applicable to that proceeding.  An evaluation of the grand jury testimony and the videotape that shows Mr. Dervishaj running from aggressors, leads to a quite different inference to be drawn from the use of "ask around" statement. We submit that the Court will find it unnecessary to relitigate those issues in a mini-trial in the instant case.  As to the proffered Google, status, and association evidence, the veracity of the underlying reputation evidence must be established in order for it to have its desired effect and be relevant to a disputed issue at trial.

**III.  Evidence of Marijuana Conspiracy**, Government Motion, ECF 100, p 18.

The government justifies admissibility of an uncharged marijuana conspiracy claiming it establishes a "relationship of trust and criminality between the defendants." Government Motion, ECF 100, at p. 49.  This detour is neither necessary nor probative of any disputed issues in the case.  The government has hours of wiretaps to establish the relationship among the defendants first-hand.  It has witnesses who can describe the relationship through their own observations.

There is no factual basis nor is there need to speculate about drug dealing activity to establish a fact already supported by overwhelming evidence. *Cf. United States v. Riccardi*, 2015 Wl 3916101 (2d Cir June 26, 2015) (admission of other act evidence justifiable where evidence was that of charged conspiracy lasting only two months; evidence of previous criminal conspiracy informed issue of why defendants would so quickly entered into relationship of trust required for charged conspiracy). Evidence of this nature only serves to confuse, obscure, and undermine the charges here.

**IV.  Evidence of Nikolla's Obstruction of Justice/witness Tampering/document Fraud, and Llakatura's False Statements to Immigration,** Government Motion, ECF 100, pp. 17-18.

The government seeks to introduce prior acts that relates to Mr. Dervishaj's co-defendants, and Mr. Dervishaj objects to the spill-over prejudice of these acts on his case, and to the extent such evidence is introduced respectfully preserves the right to seek a severance of his case.

**VI.  Evidence of Uncharged Social Club Extortions**, Government Motion, ECF 100, pp. 18-29.

The government seeks to introduce uncharged acts that, while similar to the charged acts, are unnecessary to complete the narrative, and fail to satisfy the balancing test of FRE 403.

## CONCLUSION

For the reasons set forth in this response, the government's 404(b) motion should be denied.

                                                         Respectfully Submitted,

                                                         /s/

                                                       MICHAEL P. PADDEN, ESQ.
                                                       (718) 330-1240

cc:  AUSA Nadia Shihata, Esq.
     AUSA M. Kristin Mace, Esq.
     AUSA Patrick Hein, Esq.

     Florian Miedel, Esq., Miedel & Mysliwiec, LLP
     111 Broadway, Suite 1401
     New York, NY 10006

     Royce Russell, Esq., Emdin & Russell
     499 Seventh Avenue, Floor 12N
     New York, NY 10018
     212-683-3995

     Mr. Redinel Dervishaj, MDC