UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------- x
UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　:　　　MEMORANDUM & ORDER
　　　　-against-　　　　　　　　　:
　　　　　　　　　　　　　　　　　:　　　13-CR-668 (ENV)
REDINEL DERVISHAJ,　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　:
---------------------------------------------- x

VITALIANO, D.J.



On April 25, 2016, a jury returned a verdict, finding defendant Redinel Dervishaj guilty of 12 counts related to the extortion of multiple nightclub and restaurant owners in Queens.[1] *See* (Jury Verdict Sheet, ECF No. 206; Superseding Indictment, ECF No. 144). More formally, the superseding indictment charged violations of 18 U.S.C. §§ 924 & 1951 and alleged that Dervishaj and his coconspirators relied upon actual physical assault, the use of firearms and other threats of violence to make the charged extortion very real to their victims. *See* (Superseding Indictment). Before the Court on this round are the government's motion for forfeiture and its amended motion for forfeiture. For the reasons that follow, the amended motion for forfeiture is granted and the motion for forfeiture is denied as moot.

---

[1] A collection of pretrial orders on a variety of matters raised by one or more of the defendants charged in the original indictment accurately prefigured the evidence that would be placed before the jury in Dervishaj's trial. *See* (May 29, 2015, Mem. & Order, ECF No. 89; Mar. 19, 2015, Mem. & Order, ECF No. 81). The facts presented at trial were also fairly recapitulated in the government's memorandum in opposition to Dervishaj's motions for a judgment of acquittal or, alternatively, for a new trial. *See* (Gov't's Response, ECF No. 216). Familiarity of the parties with those facts is presumed, and the record need not be burdened by another recital of them.

1

## Background

The day before Dervishaj's March 24, 2017 sentencing hearing, the government filed a motion for forfeiture, requesting the entry of a money judgment against Dervishaj in the amount of $24,000. (Gov't's Mot. 1, 5, ECF No. 233). The government claims the right of forfeiture for payments made by "John Doe #2" to Dervishaj and/or his codefendants, along with any right Dervishaj had in $11,230 seized from codefendant Besnik Llakatura. (*Id.*). At the hearing, Dervishaj's counsel advised that he would be filing an opposition to the government's motion for forfeiture. *See* (March 24, 2017, Minute Entry). Approximately six weeks later, Dervishaj did file an opposition, which argued that the government's motion should be denied because (1) the government had failed to comply with the procedural requirements of Rule 32.2(b) of the Federal Rules of Criminal Procedure and (2) John Doe #2's testimony on this point had not been adequately corroborated. (Def.'s Opposition, ECF No. 239). The government filed a reply on May 31, 2017. (Gov't's Reply, ECF No. 240).

On June 22, 2017, both parties informed the Court that a forfeiture hearing was no longer requested. *See* (Def.'s Letter, ECF No. 242; Gov't's Am. Mot., ECF No. 243). That day, the government also filed its amended motion for forfeiture, drawing the Court's attention to the recent decision of the Supreme Court in *Honeycutt v. United States*, 137 S. Ct. 1626, 198 L. Ed. 2d 73 (2017), which held that, under 18 U.S.C. § 853(a)(1), the amount of a defendant's forfeiture cannot be based on joint and several liability for property obtained by coconspirators. *See* 137 S. Ct. at 1631-32. Instead, "[f]orfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime." *Id.* at 1635; *see also* (Gov't's Am. Mot.). Based on this intervening holding, the government reduced its forfeiture demand to $10,000. (Gov't's Am. Mot.).

Discussion

As a housekeeping matter, the government's initial motion and first forfeiture demand has been effectively withdrawn and is denied as moot. Dervishaj's arguments in opposition to that motion, however, remains live and applicable to the amended motion. *See* (Def.'s Opposition).

As for the merits, Dervishaj's first assault centers on the government's purported failure to comply with Rule 32.2(b), including its stricture that "[a]s soon as practicable after a verdict . . . the court must determine what property is subject to forfeiture" and the Rule's instruction that "[u]nless doing so is impractical, the court must enter the preliminary order [of forfeiture] sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final." Fed. R. Crim. P. 32.2(b)(1)(A) & (b)(2)(B). These provisions, however, set forth neither rigid time-denominated mandates, nor consequences for noncompliance. *See United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011). Moreover, Dervishaj has cited no authority supporting the proposition that failure to comply with these provisions in a timely fashion results in outright denial of a forfeiture motion.

Even assuming *arguendo* that Rule 32.2(b) was violated here, any such violation was harmless. *See United States v. Schwartz*, 503 F. App'x 443, 448 (6th Cir. 2012) (concluding that the provisions of Rule 32.2(b) are subject to harmless error analysis). The government's application for a forfeiture order has been pending for more than four months, the demand has been reduced by amendment, there has been material and ample opportunity for Dervishaj to contest it and, what is more, he has declined a hearing to facilitate any contest. *See* (June 7, 2017, Docket Order; Def.'s Letter); *United States v. Reese*, 36 F. Supp. 3d 354, 365 (S.D.N.Y. 2014) (concluding that "'the failure to enter a preliminary order before sentencing and judgment,

3

i.e., in a timely fashion per Rule 32.2, does not deprive the district court of authority to enter a final order of forfeiture,' as long as the defendant receives 'adequate notice and procedures to contest the deprivation of property rights [] that result from criminal forfeiture . . . .'" (alterations in original) (quoting *Schwartz*, 503 F. App'x at 447)).

Moving to an evidence-based objection, Dervishaj argues that John Doe #2's testimony about the extortion payments was not corroborated by other evidence. (Def.'s Opposition). This argument, too, rests on a legal proposition for which he cites no authority. *See* (*id.*). The argument, of course, runs headlong into black letter law permitting a forfeiture determination to be made on the testimony of victims and other witnesses at a trial resulting in conviction. *See* Fed. R. Crim. P. 32.2(b)(1)(B) ("The court's determination may be based on evidence already in the record . . . ."); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (citing Rule 32.2(b)(1)). There is no apparent authority for the proposition that corroboration of a victim's testimony is a necessary prerequisite for forfeiture. The argument is patently meritless.

Bluntly, the trial record establishes, by more than a preponderance of the evidence, that John Doe #2, as a result of Dervishaj's own extortion, made payments totaling $10,000 that were received by Dervishaj. *See* (Tr. 286, 304-05); *see also Capoccia*, 503 F.3d at 116 ("Sentencing courts determine forfeiture amounts by a preponderance of the evidence."). Thus, these payments comport with the standard laid down in *Honeycutt*. *See* 137 S. Ct. at 1633 (noting that, for purposes of § 853(a)(1), a defendant may obtain possession of property either directly or indirectly). As a consequence, the Court finds that the forfeiture sought in the government's amended motion is supported by the record evidence and the order of forfeiture it proposes should be entered.

## Conclusion

For the reasons discussed above, the government's amended motion seeking entry of its proposed order of forfeiture is granted in its entirety, and the government's original motion seeking forfeiture is deemed withdrawn and denied as moot.

So Ordered.

Dated: Brooklyn, New York
       July 31, 2017

                                          /s/ USDJ ERIC N. VITALIANO
                                          ERIC N. VITALIANO
                                          United States District Judge