UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
REDINEL DERVISHAJ                            :
                                             :
                        Petitioner,          :          MEMORANDUM & ORDER
                                             :          21-CV-373 & 13-CR-00668 (ENV)
-against-                                     :
                                             :
UNITED STATES                                :
                                             :
                        Respondent.          :
                                             :
                                             :
-------------------------------------------------------- x

VITALIANO, D.J.

        Petitioner Redinel Dervishaj, through counsel, seeks a writ of habeas corpus, pursuant to

28 U.S.C. § 2255, challenging his conviction following a jury trial, and sentence, on twelve counts:

three counts of extortion conspiracy in violation of the Hobbs Act, 18 U.S.C. § 1951(a); three

counts of attempted Hobbs Act extortion; three counts of Hobbs Act violence-in-furtherance-of-

planned-extortion; and three counts of possession or brandishing of a firearm in furtherance of a

crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

        In this petition, Dervishaj raises two claims: first, that his trial counsel, Federal Defenders,

was, for various reasons, constitutionally ineffective, and second, and alternatively, that the Court

should retroactively apply § 403 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194

(the "First Step Act"), to reduce the sentences imposed on the § 924(c) counts of conviction. *See*

Petitioner's Motion ("Pet."), Dkt. 312.  For the reasons that follow, the writ is denied and the

petition is dismissed.

1

Background[1]

The Court assumes the parties' familiarity with the underlying criminal case, No. 13-CR-00668, *aff'd*, No. 17-2570-CR,[2] and with the record facts upon which the judgment rests, as prefigured in the Court's various decisions filed on that docket. *See* Dkts. 81, 89. These facts, founded on the trial record, will be recited here only as context requires.

In summary, Dervishaj was convicted by a jury following a three-week trial, which saw the prosecution introduce a mountain of evidence against him, including the testimony of 27 witnesses and the admission of over 155 exhibits. *See generally* Trial Transcript ("Tr."), Dkts. 280–89. The facts developed at trial laid bare a conspiracy, forged between Dervishaj and his coconspirators, to extort three owners of nightclubs or eateries located in Queens, as well as their attempts at executing the scheme through the use of physical assault, threats of violence, and, notably, the carrying and use of firearms. *See* Jury Verdict, Dkt. 206. Dervishaj's conviction on all twelve counts highlighted the enterprise's multi-phased breadth: counts 1 through 4 related to the coconspirators' attempted extortion of George Stoupas (John Doe #1), counts 5 through 8 covered the attempts to extort Dritan Xhuke (John Doe #2), and Counts 9 through 12 targeted the extortion scheme as to Andreas Petrou (John Doe #3), as well as the violence committed against Petrou's friend, Vangelis Dimou (John Doe #4), in furtherance of the attempted extortion of Petrou. *See id.*

---

[1] Since Dervishaj was convicted, the facts are recited in the light most favorable to the verdict. *Garbutt v. Conway*, 668 F.3d 79, 80 (2d Cir. 2012).

[2] Although his habeas petition is denoted by docket number 21-cv-373, the filings relevant to it, including the petition itself, are housed under the docket number associated with Dervishaj's underlying criminal case, 13-cr-00668. Citations to docket entries refer to the underlying criminal case.

On March 24, 2017, Dervishaj was sentenced to concurrent terms of one day in custody on counts 1, 2, 3, 5, 6, 7, 9, 10, and 11.  *See* Judgment, Dkt. 253, at 3.  He was then sentenced to seven years of custody on count 4, 25 years of custody on count 8, and 25 years of custody on count 12, all to run consecutively with each other, and to all other counts.  *See id.*

Prior to sentencing, Dervishaj, eventually with the assistance of counsel, moved for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c), or, in the alternative, for a new trial pursuant to Fed. R. Crim. P. 33.  He argued that none of his convictions was supported by constitutionally sufficient evidence.  The post-trial motions were denied on March 3, 2017.  Dkt. 225.  With sentencing to follow shortly thereafter, Dervishaj soon directly appealed his conviction, and, proceeding *pro se*, pressed several claims, including that the nine Hobbs Act charges were multiplicitous, in violation of the Fifth Amendment's Double Jeopardy Clause, and that there was insufficient evidence to support his three 924(c) convictions.   By summary order dated September 18, 2019, the Second Circuit affirmed the judgment of conviction.  *United States v. Dervishaj*, 787 F. App'x 12 (2d Cir. 2019).  On March 23, 2020, the Supreme Court denied Dervishaj's petition for a writ of certiorari. *See Dervishaj v. United States*, 140 S. Ct. 2548 (2020).  Dervishaj filed the instant petition on January 22, 2021.  Dkt. 312.

## Standard of Review

A person who has been convicted and is currently a federal prisoner may petition the sentencing court to correct, vacate, or set aside his conviction and/or the sentence under 28 U.S.C. § 2255.  The grounds for relief are very limited.  The § 2255 court may only grant relief if it concludes: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, [or] (4) that the sentence is otherwise subject to

3

collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255) (internal quotation marks omitted).  Restated, collateral relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962)).

<u>Discussion</u>

A.  Ineffective Assistance of Counsel

Petitioner first claims that his convictions should be set aside for ineffective assistance of counsel.  Specifically, Dervishaj targets five facets of his counsel's performance for attack: (1) failure to move for dismissal of the nine Hobbs Act charges as multiplicitous, and therefore violative of his double jeopardy rights; (2) failure to move to dismiss the three § 924(c) charges as impermissibly duplicitous; (3) failure to move to dismiss count 7 on jurisdictional grounds; (4) failure to object to the admission of certain evidence at trial; and (5) alleged concession of guilt as to count 11.  *See* Pet. at 1–2.

There is no procedural roadblock to Dervishaj's application for the writ: a petitioner may raise a claim of ineffective assistance of counsel for the first time in a § 2255 motion, even where, as here, the petitioner could have raised the claim on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003).  Equally settled is the applicable standard for such claims, as established by the watershed *Strickland v. Washington*, 466 U.S. 688, 697 (1984).  The *Strickland* standard prescribes a two-pronged test to determine ineffective assistance of counsel claims. Both must be satisfied by an aggrieved criminal applicant. More concretely, to satisfy *Strickland*, a defendant must first show that his "counsel's conduct so

4

undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Regis v. United States*, 665 F. Supp. 2d 370, 371 (S.D.N.Y.2009) (quoting *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir. 1987).

But, not every failed trial strategy punches a ticket to reversal; courts "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.  In advancing such a claim, the habeas petitioner bears the burden of proving that counsel's performance was unreasonable under prevailing professional norms. *Kimmelman v. Morrison*, 477 U.S. 365, 381,106 S.Ct. 2574 (1986). As for the second prong, a petitioner must demonstrate prejudice, meaning he must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Failure to prove either dooms any claim of ineffective assistance. *Strickland*, 466 U.S. at 697; *see also Abrams v. United States*, No. 11 Civ. 672 (ENV), 2012 WL 4086765, at *5 (E.D.N.Y. Sept. 17, 2012).  In fact, a court need not even analyze the performance prong "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."  *Kimmelman*, 477 U.S. at 697; *cf. Brown v. Artuz*, 124 F.3d 73, 80 (2d Cir. 1997).

In a wide-ranging assault, Dervishaj argues that he received ineffective assistance because his counsel failed to move to dismiss the indictment since the Hobbs Act charges are multiplicitous and violative of his Fifth Amendment right against double jeopardy.  "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999).  Because it subjects a person to punishment for the same crime more than

once, a multiplicitous indictment runs afoul of the Double Jeopardy clause of the Fifth Amendment. *See id.*

Sharpening his focus, Dervishaj claims, with respect to each set of victims, that the counts charging attempted extortion (counts 2, 6, and 10) are indistinguishable from and multiplicitous of counts 3, 7, and 11, which charge threatening physical violence in furtherance of a plan to extort, and that trial counsel's failure to object to his sentencing on the multiplicitous charges rendered trial counsel's representation of him constitutionally deficient. *Id*. at 22–24.

Dervishaj's argument on this point repackages the one he asserted on direct appeal. The Second Circuit declined to consider it on the merits then, finding, first, that he had waived the argument and, second, and more interestingly, that because he had been sentenced, on each of the nine extortion-related counts, to concurrent terms of one day's imprisonment, any multiplicity "in the indictment did not affect Dervishaj's term of imprisonment," and therefore did not seriously affect the proceedings at trial. *Dervishaj*, 787 F. App'x at 15.

A review from the perspective of *Strickland* would, as it will be shown below, not alter the latter conclusion or provide Dervishaj the type of relief he did not obtain by direct appeal. Petitioner does not cite, nor could the Court independently find, a single reported decision in this circuit pinned to the time of his sentencing, embracing the multiplicity claim he makes here. The light shining through this prism shows that Dervishaj's attempt to label his trial counsel's performance constitutionally sub-par due to his failure to set forth a then-novel double jeopardy argument is meritless. Indeed, as of this writing, the Court is aware of just three district courts that have considered the issue of multiplicity in the context in which Dervishaj now raises it, the earliest of them having done so more than a year after he was sentenced and more than two years after his trial had begun. *See United States v. Walker*, 314 F. Supp. 3d 400, 413 (E.D.N.Y. 2018); *United*

*States v. Barnaby*, No. 18-CR-33 (S-2) (NGG), 2021 WL 2895648, at *6 (E.D.N.Y. July 8, 2021);

*United States v. Yuan Li*, No. 18-cr-302 (BMC), 2020 WL 6393038, at *8 (E.D.N.Y. Nov. 2, 2020).

Tellingly, these three decisions cite to no pre-*Walker* case law in their analyses.   If anything, it

was Dervishaj's direct appeal and the circuit's summary affirmance that were the likely prompts.

*See, e.g.*, *Barnaby*, 2021 WL 2895648, at *9 (noting that *United States v. Dervishaj*, 787 F. App'x

12 (2d Cir. 2019), "does not offer guidance on whether the Hobbs Act charges in this case are

multiplicitous").   In other words, trial counsel did not fail to assert a "well-established,

straightforward, and obvious double jeopardy claim." *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d

Cir. 1998).   Far from it; the substantive legal contention underlying this ineffectiveness claim had,

at the time of Dervishaj's trial and sentencing, yet to be raised in any reported case, much less

settled.   In that context, trial counsel's failure to make that argument is not objectively

unreasonable. *See United States v. De La Pava*, 268 F.3d 157, 166 (2d Cir. 2001); *Phillip v. United

States*, 804 F. App'x 91, 94 (2d Cir. 2020).   Accordingly, Dervishaj's ineffective assistance of

counsel claim, grounded in his double jeopardy argument based on parallel sets of (a) attempted

Hobbs Act extortion and (b) violence-in-furtherance-of planned Hobbs Act extortion, fails.[3, 4]

---

[3]  Although the Court is mindful of the Supreme Court's recent holding in *United States v. Taylor*, __ U.S. __, 142 S.Ct. 2015 (2022), that decision has no direct impact on this petition because Dervishaj's 924(c) convictions remain valid as based upon his Hobbs Act violence-in-furtherance convictions.  *United States v. Nikolla*, 950 F.3d 51, 54 (2d Cir.), *cert. denied*, 141 S. Ct. 634, 208 L. Ed. 2d 236 (2020) (holding that committing or threatening physical violence-in-furtherance-of Hobbs Act extortion or robbery is "categorically a 'crime of violence' under the Elements Clause of 18 U.S.C. § 924(c)(3).").

[4]  As Dervishaj moves his chess pieces around the board, the strategic objective emerges more clearly. No doubt, like any other habeas petitioner asserting a *Strickland* ineffective assistance of counsel claim, Dervishaj seeks a writ that would order his release from prison unless the government moves for his retrial.  As noted above, however, in cases like this where the government essentially offers the same bundle of evidence to prove the two sets of charges claimed to be multiplicitous, the remedy is not to dismiss the indictment or to order a new trial but to dismiss one set of the multiplicitous charges. *United States v. Reed*, 639 F.2d 896, 904 (2d

Leaving no stone unturned, Dervishaj also asserts a secondary multiplicity-ground *Strickland* claim aimed at the three counts of conspiracy to commit Hobbs Act extortion, counts 1, 5, and 9.   He argues that trial counsel was also ineffective for failing to move, prior to trial, for the dismissal of the conspiracy counts because they charge three separate conspiracies as to each victim when, in fact, only one continuing conspiracy existed. His argument is meritless.   Courts routinely reject the substantive argument Dervishaj now advances, as "[t]he question whether the proof establishes a single or multiple conspiracies is an issue of fact 'singularly well-suited to resolution by the jury.'"   *United States v. Potamitis*, 739 F.2d 784, 787 (2d Cir. 1984) (quoting *United States v. McGrath*, 613 F.2d 361, 367 (2d Cir. 1979)); *see also United States v. Greenberg*, No. 21 Cr. 92 (, 2022 WL 827304, at *11 (S.D.N.Y. Mar. 9, 2022) (multiplicity argument with respect to conspiracy charges rejected); *United States v. O'Sullivan*, No. 20 Cr. 272, 2021 WL 1979074, at *6 (E.D.N.Y. May 18, 2021) (same); *United States v. Robinson*, No. 16 Cr. 545, 2017 WL 5135598, at *8 (E.D.N.Y. Nov. 1, 2017) (concluding that whether the defendant engaged in multiple conspiracies to rob different individuals was "a question of fact properly submitted to a jury").   Here, each conspiracy covered three separate schemes, involving distinct extortion demands, to extort three different victims. In other words, this was far from a case where the indictment was multiplicitous "on its face."   *O'Sullivan*, 2021 WL 1979074, at *6 (courts have

---

Cir. 1981).  His target, of course, is to gain dismissal of the set of claimed multiplicitous counts, counts 3, 7, and 11, that charge him with violence in furtherance of planned Hobbs Act extortion. *See* Pet. at 25.  In this scenario, with the violence-in-furtherance-of planned Hobbs Act extortion counts—which are valid 924(c) predicate offenses, *see Nikolla*, 950 F.3d 51, 54—vacated and dismissed, his obvious next step would be to seek, under *Taylor*, vacatur of the section 924(c) convictions.  *Cf. Taylor*, 142 S. Ct. at 2021 (holding that attempted Hobbs Act robbery does qualify as a crime of violence under the elements clause of 924(c)).  But, there is a fatal flaw in his strategy: Dervishaj does not get to pick among the two sets of claimed multiplicitous charges; the government does. *Reed*, 639 F.2d at 904 (noting that the trial court has discretion to "require the prosecution to elect among multiplicitous counts.").

discretion to dismiss multiplicitous counts pre-trial where an indictment is multiplicitous on its face); *see United States v. Carrozza*, 728 F. Supp. 266, 274 (S.D.N.Y. 1990) (holding that indictment charging different conspiracies that occurred at different times, for different durations, and extorted different victims was not multiplicitous).   Accordingly, with little chance of succeeding on a motion to dismiss, pre-trial, two of the three conspiracy to commit Hobbs Act extortion charges, trial counsel's failure to make such an application was not objectively unreasonable. *Britton v. United States*, No. 1:13 Civ. 02955, 2015 WL 9273941, at *3 (E.D.N.Y. Dec. 17, 2015); *Dewar v. United States*, No. 06 Cr. 311-1, 2020 WL 1673791, at *6 (S.D.N.Y. Apr. 4, 2020).

Dervishaj's next argument resembles his first line of attack, but invokes the rule against duplicitous indictments, which, as distinguished from multiplicitous indictments, occur where an indictment joins two or more distinct crimes in a single count. *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980). In other words, although they are both rules of pleading, a multiplicitous indictment "charges a single offense in several counts," while a duplicitous indictment "charges separate offenses in a single count." *United States v. Knoll*, 16 F.3d 1313 (2d Cir. 1994).

Relying on the latter principle, Dervishaj argues that trial counsel was constitutionally ineffective for failing to move to dismiss each of the § 924(c) charges as impermissibly duplicitous.   Pet. at 29.   Specifically, he claims that § 924(c) defines two separate offenses occurring in relation to or in furtherance of a crime, the first involving the use or carriage of a firearm, and the second involving the possession or brandishing of a firearm.   Building from there, Dervishaj complains that each of the three 924(c) charges is impermissibly duplicitous since each alleges that he both used or carried, as well as possessed or brandished, a firearm in relation to the underlying Hobbs Act charges.

9

The argument meets the same fate as his initial press.  Once again, petitioner hitches his horse to a wagon mired in the mud of unsettled law.  He cannot, and does not, dispute that, at the time of his trial and sentence, the Second Circuit had not (and still has not) addressed the propriety of a duplicity-driven double jeopardy argument with respect to a 924(c) charge alleging the carriage, or use, or possession, or brandishing of a firearm in relation to or in furtherance of a crime of violence—nor does he dispute that there is disagreement among the courts of appeals that have substantively visited the issue.  *See* Pet. at 29 (citing *United States v. Arreola*, 467 F.3d 1153, 1156-1160 (9th Cir. 2006) (no duplicity); *United States v. Savoires*, 430 F.3d 376, 380-381 (6th Cir. 2005) (duplicity)).  What's more, courts within this district have consistently rejected the duplicity argument Dervishaj now advances.  *See, e.g.*, *United States v. Barret*, No. 10 Cr. 809, 2011 WL 6780901, at *4 (E.D.N.Y. Nov. 27, 2011); *United States v. Pirk*, 267 F. Supp. 3d 406, 431 (W.D.N.Y. 2017).  Given the dismal prospects for success case law suggests, trial counsel's failure to move to dismiss counts 4, 8, and 12 of the superseding indictment on the basis of a proposition of law that is, at best, unsettled, if not routinely rejected, is hardly unreasonable.  *See Dewar*, 2020 WL 1673791, at *6; *Britton*, 2015 WL 9273941, at *3.

The balance of Dervishaj's ineffective assistance of counsel claims are no more meritorious.  For example, he spotlights counsel's failure to move for the dismissal of count 7, which charged Dervishaj with threatening violence in furtherance of a plan to commit Hobbs Act extortion in the absence of any proof linking the offense to interstate commerce.  Pet. at 29–30.  No such proof is required; the relevant inquiry is whether—had the extortion scheme been successful—interstate commerce would have been affected in any way.  *See, e.g.*, *United States v. Curcio*, 759 F.2d 237, 242 (2d Cir. 1985) *see also United States v. Jannotti*, 673 F.2d 578, 592 (3rd Cir. 1982).  Dervishaj offers no credible argument that the government failed to carry its

burden on that front.  Accordingly, since his substantive claim of error is meritless, his derivative claim of ineffective assistance for trial counsel's failure to object on that ground was not infected with constitutional infirmity.  *See Williams v. United States,* No. 07-CV-1804, 2012 WL 1116403, at *14 (E.D.N.Y. Mar. 30, 2012).

On still looser footing, Dervishaj next argues that his trial counsel was constitutionally deficient for failing to move to exclude the government's trial exhibit 413-A, which is a redacted excerpt of a forensic report of coconspirator Nikolla's cell phone, consisting of thumbnail photographs depicting, *inter alia*, Nikolla holding a firearm.  Pet. 14–16.  Yet a searching review of the record indicates that Dervishaj's attorney did, in fact, make an oral motion at trial to exclude the images in question. Tr. at 1223–29.  Specifically, trial counsel raised with the Court that the "extraction report has at the end a number of thumbnail images of firearms," and that Dervishaj's "application would be to exclude each one of these thumbnail images on several grounds." Tr. 1223–24.  Rejecting defense counsel's argument as to the image of Nikolla holding a firearm, the Court ruled that it was "clearly . . . highly probative" and not cumulative to the other photos that the Court had previously admitted. Tr. 1229.  With respect to the other thumbnail images, the Court cautioned that it would not be admitting a "torrent" of photographs, and directed the parties to confer; ultimately, the government introduced a redacted version of the report, and referenced only a set of the disputed thumbnail images.  Tr. 1311.  In short, a record predicate for Dervishaj's argument is non-existent.[5, 6]

---

[5] This claim, and the rest in his satchel of assorted disagreements about decisions made in the course of everyday defense strategy, falter separately on *Strickland*'s prejudice prong.  As explained in the opinion denying Dervishaj's post-trial motions, the evidence presented at trial supporting each count of conviction was, simply, overwhelming.  *See* 3/3/2017 Order, Dkt. 225.

[6] Dervishaj speculates that the introduction of a photograph of his coconspirator holding a firearm may have been confused by the jury as evidence supporting his 924(c) convictions, and

Lastly, petitioner argues that trial counsel should be found to have rendered ineffective assistance because, he claims, counsel conceded guilt, during summation, as to Count 11, which charged Dervishaj with committing and threatening physical violence against Vangelis Dimou in furtherance of an attempt to extort Andreas Petrou, a friend of Dimou.  Pet. at 33–36.  His trial counsel did no such thing.

The record makes plain that while trial counsel conceded that Dervishaj punched Dimou, he described the encounter as a "street fight" that, at most, amounted to simple assault under state law, but that was "completely independent" from any extortion of Petrou by Dervishaj as alleged in Count 11.  *See* Tr. 1657–67.  He was, in other words, claiming that the government had failed to prove an essential element of Count 11—that is, that the violence alleged to have been threatened or committed was in furtherance of a plan to extort.  This line of argument was a classic strategic decision that, while it ultimately failed to carry the day, was nowhere near unreasonable.  *See United States v. Wilson*, 146 F. Supp. 3d 472, 479 (E.D.N.Y. 2015) (quoting *DiMattina v. United States*, 949 F. Supp. 2d 387, 414 (E.D.N.Y. 2013)).  On this score too, petitioner has not met his burden to show that trial counsel did not provide the effective assistance of counsel that the Constitution requires.

B.  The First Step Act

Finally, beyond his *Strickland* attack on trial counsel, Dervishaj alternatively seeks habeas relief based on the enactment of the First Step Act of 2018, which, in § 403, reduces, in

---

that trial counsel was ineffective for not seeking an instruction that would prompt the Court to advise the jury for what purpose they could consider the photograph.  Trial counsel's decision not to do so was decidedly not unreasonable.  Dervishaj was the only one on trial.  To the extent the photos were admitted, they were admitted only against him.  A limiting instruction would not undo that damage.  Nor does he suggest what the instruction should have said or, for example, as to what issue the jury could consider the photographs.

some circumstances, the mandatory length of the sentence imposed for a second, or stacked, conviction for the brandishing or use of a firearm in connection with a crime of violence as provided under § 924(c). Petitioner contends that the consecutive sentences imposed for his § 924(c) convictions are, under § 403, now unauthorized by law, and that, therefore, relief is warranted in this § 2255 proceeding.

Dervishaj's request for sentence reduction based solely on the wording of the First Step Act is manifestly incorrect. As made plain by its text, § 403, enacted into law in 2018, applies to an offense committed before its enactment only if the sentence for that offense had not been imposed as of the date of enactment. The Court sentenced Dervishaj on March 24, 2017, and entered judgment on August 16, 2017. Dkts. 241, 253. As such, the First Step Act's amendment of § 924(c) is without effect as to Dervishaj's convictions in this case. *Aponte v. United States*, No. 02 Cr. 1082-4, 2021 WL 3475594, at *3 (S.D.N.Y. Aug. 6, 2021); *Smalls v. United States*, No. 14 Cr. 167, 2021 WL 2138611, at *2 (S.D.N.Y. May 25, 2021); *United States v. Kissi*, 469 F. Supp. 3d 21, 37 (E.D.N.Y. 2020). Since no relief can be accorded Dervishaj under the First Step Act, his § 924(c) convictions remain authorized by law and cannot support the issuance of the writ.

<u>Conclusion</u>

For the foregoing reasons, Dervishaj's application for a writ of habeas corpus is denied and his petition is dismissed.

Since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2).

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated:    Brooklyn, New York
          July 31, 2022

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge

14